**SCHIFFMAN PUIG, P.C.**
ATTORNEYS AT LAW

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667, Ext. 106
Fax: (602) 266-0141
Lisa@splaw.net
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott McElroy,<br><br>        Plaintiff,<br><br>vs.<br><br>Life Insurance Company of North America, a foreign insurer, Honeywell International, Inc. Group Policy<br><br>        Defendants. | Case No.<br><br>Case No. :<br>**COMPLAINT**<br><br>**COMPLAINT** |

For his claim against Defendants, Scott McElroy ("McElroy") alleges as follows:

**PARTIES**

1. McElroy is a resident of Maricopa County, Arizona.

2. Defendant Life Insurance Company of North America ("LINA") is an insurance company with its principle place of business in Pennsylvania. LINA is authorized to do business in Maricopa County, Arizona.

3. LINA issued Group Policy no. VDT-980084 ("Policy") to Honeywell International, Inc. ("Honeywell") for the benefit of its employees. The Policy offered long term disability ("LTD") benefits to Honeywell employees.

4. LINA is the claim administrator and is also a Plan Fiduciary as defined by ERISA, 29 U.S.C. § 1002(21)(A).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over LINA and the Policy by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because LINA and the Policy have caused events to occur in Arizona out of which McElroy's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), and 28 U.S.C. § 1331 (federal question).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974.

## FACTUAL BACKGROUND

8. LINA issued the Policy to Honeywell, effective June 1, 2013.

9. McElroy was employed as an Aviation Mechanic with Honeywell from May 2006 to March 2014.

10. The Policy provides LTD benefits to McElroy for 24 months if, solely because of injury or sickness, he is: (1) unable to perform the material duties of his regular occupation; and (2) unable to earn 80% or more of his indexed earnings from working in his regular occupation.

11. After the initial 24-month period, the Policy provides disability benefits to McElroy if, solely because of injury or sickness, he is: (1) unable to perform the material duties of any occupation for which he is, or may reasonably become, qualified for based on education, training or experience; and (2) unable to earn 80% or more of his indexed earnings.

12. Therefore, under the terms of the Policy, McElroy is entitled to a maximum monthly benefit of $2,091 per month.

13. McElroy has performed all obligations required of him under the Policy, and the Policy was effective and in force at all relevant times.

14. In February of 2012, McElroy was involved in a motorcycle accident that resulted in permanent damage to the ulnar and radius bones in his right forearm and the ilium of his pelvis.

15. On the day of the accident, McElroy underwent surgery to repair the ulnar and radius bones of his forearm. Following this surgery, McElroy developed a heterotopic bone in his forearm which resulted in synostosis, severe pain, and a reduction in motion.

16. On April 25, 2012, McElroy underwent a second surgery to repair the ulnar and radius bones of his forearm and to resolve the synostosis.

17. In May 2012, McElroy underwent a third surgery to remove the heterotopic bone from his forearm. In spite of this, McElroy continues to experience pain and a permanent reduction in the range of motion of his right arm.

18. From the date of his accident to July 2013, McElroy experienced increasing hip pain and a reduction of the range of motion in his hip due to his injured ilium.

19. In July 2013, McElroy underwent a fourth surgery to remove heterotopic ossification of the muscles in his anterior pelvis. McElroy's hip symptoms worsened after the surgery.

20. McElroy currently continues to suffer from pain in his forearm and hip as well as permanent upper extremity dysfunction and permanent fixed pronation and supination. McElroy is severely functionally impaired from his disability and his condition is permanent.

21. McElroy submitted a claim for short term disability ("STD") benefits, noting his last day worked as July 10, 2013.

22. On July 17, 2013, LINA approved McElroy's claim for STD benefits. LINA approved McElroy for STD benefits once more on November 27, 2013 and again on December 12, 2013.

23. Anticipating that his STD benefits would terminate under the terms of the Policy on January 8, 2014, McElroy submitted a claim for LTD benefits.

24. On December 19, 2013, LINA approved McElroy's claim for LTD benefits. McElroy received LTD benefits from January 9, 2014 to February 8, 2014.

25. On March 13, 2014, LINA denied McElroy's claim and terminated his LTD benefits. LINA advised that, at the time of McElroy's denial, it had "not been provided with any objective exam findings or current work restrictions or limitations documenting an ongoing functional impairment."

26. On May 29, 2014, LINA upheld its denial of McElroy's LTD benefits because it had not been provided with "exam findings which would document the functional impairment preventing [him] from performing the material duties of [his] own occupation as a Mechanic."

27. McElroy appealed LINA's denial pursuant to the provisions of the Policy in December 2014.

28. McElroy filed an appeal of LINA's decision on April 18, 2015.

29. On September 18, 2015, McElroy, through counsel, requested the status of LINA's decision. LINA responded to counsel through a phone call; counsel returned the phone call, left a voice mail, and LINA never responded.

30. LINA is entitled to 45 days to make a decision, plus one 45-day extension, for a total of 90 days to review McElroy's appeal. C.F.R. § 2560.503-1(h)(i)(3).

31. McElroy's claim is deemed exhausted.

32. The Policy does not unambiguously confer discretion upon LINA to review insurance claims or to interpret the provisions of the Policy.

33. Even if the Policy did confer discretion upon LINA, de novo review is appropriate because LINA failed to exercise its discretion and McElroy's claim is deemed exhausted.

## COUNT I
## FAILURE TO PAY PLAN BENEFITS

34. McElroy incorporates and re-alleges all previous allegations.

35. McElroy's benefits are defined by the information contained in the Policy.

36. McElroy became disabled in 2013, continues to be disabled, and is unable to perform the duties of his occupation or any gainful employment.

37. Despite the coverage of McElroy's LTD insurance, LINA has improperly denied him LTD benefits in breach of the Policy. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

38. Pursuant to the coverage provided in the Policy, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, McElroy is entitled to recover all benefits due under the terms of the Policy, and to enforce his rights under its terms. McElroy is further entitled, pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the Policy.

39. Pursuant to 29 U.S.C. § 1132(g), McElroy is entitled to recover his attorneys' fees and costs incurred herein from LINA.

40. McElroy is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled under A.R.S. § 20-462.

WHEREFORE, McElroy prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due to McElroy under the terms of the Policy;

B. Enforcing McElroy's rights under the terms of the Policy;

C. Clarifying and determining McElroy's rights to future benefits under the terms of the Policy;

D. For an award of McElroy's attorneys' fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such other and further relief as the Court deems just and reasonable.

Dated this 8th day of August, 2016.

                             SCHIFFMAN PUIG, P.C.


                           By: s/ Lisa J. Counters
                                 Lisa J. Counters

SCHIFFMAN PUIG, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014-4246
(602) 266-2667